UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID M. BOWIE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 03-948 (RCL) |
| ALBERTO GONZALES, et al. | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is Bowie's motion for leave to amend the complaint. Bowie wishes to amend the complaint to list the counts and to join the following individuals and entities as defendants: Alberto Gonzales[1] in his official capacity on all counts; Jimmy C. Carter in his official capacity on all counts and in his individual capacity on a Bivens claim; Teresa Quon in her official and individual capacity on all counts; Gail Davis in her official and individual capacity on all counts; Terence Wyllie in his official and individual capacity on all counts; and the District of Columbia on all counts. For the following reasons Bowie's motion for leave to amend the complaint is granted in part and denied in part.

### BACKGROUND[2]

The District of Columbia Office of the Inspector General ("DCOIG") employed Bowie

---

[1]Substituted as defendant pursuant to Fed. R. Civ. P. 25(d).

[2]Pursuant to Fed. R. Civ. P.15 (d), the facts as they are alleged in the amended complaint are considered true for the purposes of this opinion.

1

from November 7, 1997 to August 2, 2002. On July 30, 2002, Austin Anderson and Jerome Campane notified Bowie that he was terminated. Before working at DCOIG, Bowie worked as a Special Agent for the FBI. Bowie is a plaintiff in a class action lawsuit against the FBI, *Emanuel Johnson, Jr. v. Reno*, Civ. No. 93-0206 (TFH) ("BADGE"). The named party to BADGE, Johnson, worked at DCOIG from June 21, 1999 to February 14, 2000.

Bowie contends that the defendants were part of a conspiracy to get Johnson fired from the DCOIG for his participation in BADGE. After Johnson was fired he submitted a claim to the EEOC. Bowie alleges that the conspirators did not submit his affidavit about Johnson's EEO claim to the EEOC hearing. Bowie was able to testify at the subsequent trial about Johnson's termination from the DCOIG. When Bowie did not participate in the conspiracy and testified on Johnson's behalf, Bowie them became a target of the conspiracy himself, he alleges. Bowie further alleges that his termination from the DCOIG was in retaliation for his participation in Johnson's EEO claim. Bowie filed a claim with the EEOC on February 25, 2004, which is 205 days after he was notified of his termination.

## STANDARD OF REVIEW

"A motion to amend the complaint should be denied as 'futile' if the complaint as amended could not withstand a motion to dismiss." *Graves v. United States*, 961 F. Supp. 314, 317 (D.D.C. 1997), citing *Glick v. Koenig*, 766 F.2d 265, 268-69 (8th Cir. 1985), *Jones v. Cmty. Redev. Agency of Los Angeles*, 733 F.2d 646, 650-51 (9th Cir. 1984), *Foman v. Davis*, 371 U.S. 172, 182 (1962).

A motion to dismiss under the Fed. R. Civ. P. 12(b)(6) tests whether a plaintiff has properly stated a claim upon which relief can be granted. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The explicit

language of Fed. R. Civ. P. 8(a)(2) provides that the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief..." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *U.S. ex. rel. Harris v. Bernad*, 275 F. Supp. 2d 1, 5 (D.D.C. 2003). The complaint need not plead the elements of a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002) (holding that a complainant in an employment discrimination case need not plead the *prima facie* elements); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), the court is bound to consider all well-pleaded facts as true, and to draw all reasonable inferences in favor of the nonmovant. *Scheuer*, 416 U.S. at 236; *Bernad*, 275 F. Supp. 2d at 5. Therefore "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

## ANALYSIS

All of the claims against Carter in his official capacity are redundant and will not be addressed. A law suit against a Federal agency official is a law suit against the Federal agency. *Graves v. United States*, 961 F. Supp 314, 318 (D.D.C. 1997) citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Carter worked for the FBI during the time of the alleged facts. The FBI is part of the Department of Justice ("DOJ"). Gonzalez, as Attorney General of the United States, is head of the DOJ and is named in the law suit. Thus, analyzing Carter in his official capacity is the same analysis applied to the law suit against Gonzalez.

The law suits against Quon, Davis, and Wyllie in their official capacities are in essence law suits against the District of Columbia, which is a named defendant. Any reference hereafter

to Quon, Davis, or Wyllie is to the law suits against them in their individual capacity.

**I.      Count 1 - Wrongful Termination**

A.      Gonzalez

Bowie can not sue the DOJ for wrongful termination for a very simple reason.  Only defendants that participated in the termination decisions are proper parties to a wrongful termination law suit.  *Hart v. Metlife Gen. Ins. Agency*, 1999 WL 33756688, 2 (W.D. Ky.).[3]  The DOJ did not terminate Bowie, nor did the DOJ have the power to terminate Bowie.  Since Bowie fails to state claim for which the court can grant relief, the claim is futile.[4]

B.      The District of Columbia

The question of futility is moot.  In previous pleadings, Bowie has properly plead officials of the District Columbia in their official capacity, which is tantamount to suing the District of Columbia.

C.      Quon, Davis, and Wyllie

Bowie has not alleged that any of these individuals were involved in the decision to terminate him.  Thus for the reasons given in part I-A the claim is futile.[5]

---

[3]The Court recognizes that this opinion applies Kentucky law, but the plaintiff's claim of wrongful termination by someone other than the employer is so outlandish the court had to search far and wide to find a case with similar facts.

[4]The Court notes that the plaintiff's allegations are conducive to torturous interference of contract, but the complaint fails to states a claim for which relief may be granted.  Torturous interference of contract requires the "intentional procurement of a breach of contract[.]" *Casco Marina Dev., L.L.C. v. District of Columbia Redev. Land Agency,* 834 A.2d 77, 83 (D.C. 2003) (internal quotes omitted).  Bowie has made no allegation that could be construed as Carter procuring a breach of contract.  Thus, this claim would be futile as well.

[5]The same analysis done in note 3 also applies to these defendants because there is no allegation of them procuring a breach of contract.

**II.     Count 2 - Violation of Bowie's First Amendment Right to Free Speech**

Bowie alleges that his affidavit was not submitted to the EEOC for the Johnston investigation. This is not a violation of his First Amendment right to free speech. Bowie could have submitted the affidavit himself and Bowie in fact testified at Johnson's trial. The only possible violation of Bowie's right to free speech is the alleged retaliation for his testimony at the Johnson trial. *See Connick v. Myers*, 461 U.S. 138 (1983) (retaliating against a person for exercising his right to free speech is a violation of the First Amendment).

A.     The *Bivens* Claim

Bowie claims that Carter violated his First Amendment rights and that he has standing to sue Carter under a *Bivens* claim. The Court may hear a *Bivens* action based on a violation of the First Amendment. *See Dellums v. Powell*, 566 F.2d 167, 194 (D.C. Cir. 1977). To correctly plead a *Bivens* claim the plaintiff must allege direct evidence of unconstitutional intent. *Whiteacre v. Davey*, 890 F.2d 1168, 1171 n. 4 (D.C. Cir. 1989). Also, the complaint must allege that the defendant was personally involved in the illegal conduct. *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997).

Bowie alleges that false statements by Carter caused a hostile work environment for Bowie. Carter did not have the power to control the DCOIG or mandate how Bowie was to be treated at work, nor does Bowie allege that Carter had this power. Bowie's allegations show that the people other than Carter created the alleged hostile work environment. Bowie has failed to state a claim for which relief can be granted because he has alleged no direct involvement by Carter with illegal conduct complained of. Thus, the *Bivens* claim is futile.

B.     Gonzalez

Bowie is directly suing the DOJ for the actions of Carter that allegedly violated his First Amendment rights. A *prima facie* case for retaliation requires that the defendant took part in the adverse action. *See Singletary v. District of Columbia*, 351 F.3d 519, 524 (D.C. Cir. 2003). Since Bowie has made no additional allegations pertaining to the DOJ, from the pleadings the DOJ took no adverse action against Bowie. Bowie has failed to state a claim for which relief can be granted. Thus, the claim is futile.

C.  The District of Columbia

For the reasons stated in part I-B, the question of futility is moot.

D.  Quon and Davis

Bowie has made no allegation that either Quon or Davis retaliated against him. Bowie has not alleged any action taken by Quon or Davis in retaliation for his testimony at the Johnson trial. From the plaintiff's own pleadings, Quon and Davis were only involved with Johnson's EEOC claim investigation. Thus, Bowie has failed to state a claim for which relief can be granted. The claims against Quon and Davis are futile.

E.  Wyllie

The only allegation that Bowie has made against Wyllie is that he relayed statements from Carter to the DCOIG. Bowie has made no allegation that Wyllie has taken an adverse action against Bowie, or that Wyllie was involved in the retaliatory efforts against Bowie. Since, Bowie has not met the standard of pleading that an adverse action was taken by Wyllie, the claim is futile.

**III.   Count 3: D.C. Whistle blower Act**

A.  Gonzalez

The D.C. Whistle blower Act does not waive the sovereign immunity of the United States. D.C. Code § 1-615.54 (2001). Since the sovereign immunity of the United States has not been waived, Bowie fails to state a claim for which relief can be granted. Thus, the count is futile.

B.   The District of Columbia

For the reasons stated in part I-B, the question of futility is moot.

C.   Quon, Davis, and Wyllie

D.C. Code § 1-615.54 is only meant to provide a cause of action against the District of Columbia and not individual defendants. *Winder v. Erste*, 2005 WL 736639 DC (D.D.C. 2005). Since Bowie fails to state a claim for which relief can be granted, the claims against the defendants are futile.

**IV.   Count 4:  D.C. Human Rights Act - Retaliation**

A.   Gonzalez

D.C. Code § 2-1402.61 does not waive the sovereign immunity of the United States. D.C. Code § 2-1402.61 (2001). Since the sovereign immunity of the United States has not been waived, Bowie fails to state a claim for which relief can be granted. Thus, the claim is futile.

B.   The District of Columbia

For the reasons stated in part I-B, the question of futility is moot.

C.   Quon and Davis

For the reasons stated in part II-D the claims against Quon and Davis are futile.

D.   Wyllie

For the reasons stated in part II-E the claim is futile.

V. **Count 5: D.C. Human Rights Act - Aiding and Abetting the Retaliation**

A. Gonzalez

D.C. Code § 2-1402.62 does not waive the sovereign immunity of the United States. D.C. Code § 2-1402.62 (2001). Since the sovereign immunity of the United States has not been waived, Bowie fails to state a claim for which relief can be granted  Thus, the count is futile.

B. The District of Columbia

For the reasons stated in part I-B, the question of futility is moot.

C. Quon and Davis

For the reasons stated in part II-D the claims against Quon and Davis are futile.

D. Wyllie

For the reasons stated in part II-E the claim is futile.

VI. **Count 6: Unlawful Retaliation - Title VII**

A. Gonzalez

Bowie claims that the court has jurisdiction to hear a retaliation claim against the DOJ under 42 U.S.C. § 2000e-3.  § 2000e-3 grants relief when an employer retaliates against an employee in connection to an EEOC claim. 42 U.S.C. § 2000e-3 (2000). The FBI is not the employer in this case, it is the DCOIG. Since the FBI was not Bowie's employer when he was fired, the Bowie has failed to state a claim for which relief can be granted. Bowie's claim against the FBI is futile.

B. The District of Columbia

For the reasons stated in part I-B, the question of futility is moot.

C. Quon, Davis, and Wyllie

Bowie's makes claims of retaliation against Quon, Davis, and Wyllie in their individual capacity. Yet, Title VII relief is granted against the employer and not the individuals that committed the acts. *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995). Since Bowie fails to state a claim for which relief can be granted, the claims against these defendants under Title VII are futile.

**VII.     Count 7: 42 U.S.C. § 1985**

A.     Gonzalez

42 U.S.C. § 1985 does not "provide the basis for an action against the United States or a Federal agency." *Biase v. Kaplan*, 852 F. Supp. 268 (D.N.J. 1994), citing *Hohri v. United States*, 782 F.2d 227, 245 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Since the sovereign immunity of the United States has not been waived, Bowie fails to states a claim for which relief can be granted. Thus, the count is futile.

B.     District of Columbia

Bowie claims that the court has jurisdiction to hear a claim of conspiracy under § 1985 (2). § 1985 does not apply to the District of Columbia or employees of the District of Columbia. *Boykin v. District of Columbia*, 689 F.2d 1092, 1099 (D.C. Cir. 1982); *Morgan v. District of Columbia*, 550 F. Supp. 465, 471 (D.D.C. 1982). Since § 1985 does not apply to the District if Columbia, Bowie has failed to state a claim for which this court can grant relief. Thus, the claim is futile.

C.     Quon, Davis, and Wyllie

Bowie's claims of conspiracy under § 1985 for Quon, Davis, and Wyllie are all futile as well. The intracorporate conspiracy doctrine provides that employees that are acting within the

9

scope of their employment for a single municipal entity are legally incapable of conspiring. *See Gladden v. Barry*, 558 F. Supp 676, 679 (D.D.C. 1983); *Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003). The intracorporate conspiracy doctrine applies to 42 U.S.C. § 1985. *See Gladden v. Barry*, 558 F. Supp 676, 679 (D.D.C. 1983); *Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003).

The only defendants that have not been dismissed from § 1985 conspiracy are people who are employees of various District of Columbia agencies, or were employed by the District of Columbia during the alleged acts of the conspiracy. Bowie has also alleged that all of the people in the conspiracy were acting in their official capacities during the conspiracy. Since all of the people in the alleged conspiracy were acting within the scope of their employment for the District of Columbia, they could not have legally conspired because of the intracorporate conspiracy doctrine. Since there can be no conspiracy, Bowie has failed to state a claim under § 1985. Thus, the claim is futile.

**VIII.   Count 8: 42 U.S.C. § 1986**

Bowie's claims under 42 U.S.C. § 1986 are all futile for the same reason. To establish a claim under § 1986, there must be an underlying claim established under § 1985. *Thomas v. New World Communications*, 681 F. Supp. 55, 72 (D.D.C. 1988). Since all of Bowie's claims under § 1985 are futile, all of his claims under § 1986 are futile.[6]

---

[6]The court would like to note that there additional reasons why the § 1986 claims against Gonzalez and the District of Columbia are futile.
A.   Gonzalez
42 U.S.C. § 1986 does not "provide the basis for an action against the United States or a Federal agency." *Biase v. Kaplan*, 852 F. Supp. 268 (D.N.J. 1994), citing *Hohri v. United States*, 782 F.2d 227, 245 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Since the sovereign immunity of the United States has not been waived, Bowie fails to state a claim for

**CONCLUSION**

The Court holds that all of the claims against Carter, Gonzalez, Quon, Davis, and Wyllie are futile. Thus, Carter, Gonzalez, Quon, Davis, and Wyllie may not be added to the litigation. The Court finds that the § 1985 and § 1986 claims against the District of Columbia are futile. The Court also finds that there can be no § 1985 conspiracy claim and no § 1986 claim. Thus, the § 1985 and § 1986 claims are dismissed from the complaint.

In accordance with this opinion, the Court construes the amended complaint to include the following counts.

I.    Count 1: Wrongful Termination

The wrongful termination claim may at this stage[7] be brought against the District of Columbia, Maddox, Anderson, Campane, Wright, and Branson.

II.    Count 2: Violation of First Amendment Right to Free Speech

The First Amendment claim may at this stage be brought against the District of Columbia, Maddox, Anderson, Campane, Wright, and Branson.

III.    Count 3: D.C. Whistle blower Act.

The claim under this act may at this stage be brought against the District of Columbia.

---

which relief can be granted. Thus, the count is futile.
B.    District of Columbia
    Bowie claims that the court has jurisdiction to hear a claim of conspiracy under § 1986. § 1985 does not apply to the District of Columbia or employees of the District of Columbia. *See Boykin v. District of Columbia*, 689 F.2d 1092, 1099 (D.C. Cir. 1982). Since § 1986 does not apply to the District if Columbia, Bowie fails to state a claim for which the Court can grant relief. Thus, the claim is futile.

[7]"At this stage" means solely for the purpose of filing the amended complaint. Whether a claim is properly stated against the named defendants or whether that are otherwise subject to dismissal remains to be decided.

There are no claims against any other party to this litigation under this count.

IV.     Count 4: D.C. Human Rights Act - Retaliation

Count 4 may at this stage be brought against the District of Columbia, Maddox, Anderson, Campane, Wright, and Branson.

V.      Count 5: D.C. Human Rights Act - Aiding and Abetting the Retaliation

Count 5 may at this stage be brought against the District of Columbia, Maddox, Anderson, Campane, Wright, and Branson.

VI.     Count 6: Unlawful Retaliation - Title VII

The claim under this act may at this stage be brought against the District of Columbia. There are no claims against any other party to this litigation under this count.

A separate order in accordance with the opinion shall be issued this date.

Signed, Royce C. Lamberth, United States District Judge, September 29, 2005.